**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN J. DOODY, | ) | |
| | ) | Case No. 13 CV 807 |
| Plaintiff, | ) | |
| | ) | Honorable |
| v. | ) | Judge Presiding |
| | ) | |
| COMMONWEALTH EDISON COMPANY, | ) | Magistrate Judge |
| | ) | |
| | ) | <u>Jury Trial Requested</u> |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, STEPHEN J. DOODY, by and through his attorneys, LISA KANE & ASSOCIATES, and complaining of Defendant, COMMONWEALTH EDISON COMPANY, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action seeking redress for the violation of right guaranteed to Plaintiff by Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 <u>et seq</u>. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by U.S.C. § 12101 <u>et seq</u>. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4. Plaintiff, STEPHEN J. DOODY, is a United States citizen who resides in Orland Park, Illinois.

5. Defendant, COMMONWEALTH EDISON COMPANY, (hereinafter "COM ED"), is a corporation properly recognized and sanctioned by the laws of the State of Illinois, and at all times did and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C.§ 12111(5), as Defendant has continuously, and does now employ more than fifteen (15) employees and is engaged in an industry which affects commerce.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 25, 2011. The EEOC issued Plaintiff a Notice of Right to Sue on his Charge of Discrimination on November 15, 2012. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period. (Exhibit A attached hereto)

## COUNT I - ADA - DISABILITY DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant in June of 1979 as a Staff Auditor at the Defendant's corporate office until his forced disability retirement which commenced in February

2012.

9. Plaintiff performed according to the reasonable satisfaction of Defendant, his employer, as evidenced by the longevity of his employment of thirty-two (32) years, culminating in continued promotions, excellent performance reviews, and awards received by him during his tenure.

10. Plaintiff is considered an individual with disabilities for the purposes of the ADA, 42 U.S.C. § 12102(2), in that he suffers from a mental impairment, clinical depression, that substantially limits one or more major life activities when using mitigating measures, and has been regarded as having such mental impairments by Defendant during the relevant time period.

11. In July of 2009, Plaintiff was informed by Defendant's management employees, Mike Vincent and Christ Siambekos, that his position as a Senior Financial Analyst was being transferred from Joliet to Oakbrook, Illinois.

12. Further, at the aforementioned meeting, Plaintiff was instructed that he was to train two financial analysts, Jose Olguin and Frank Clark, being transferred to replace him in his position of Financial Analyst.

13. Immediately, thereafter, Plaintiff began communicating with Human Resources requesting an accommodation to continue performing his duties as a Senior Financial Analyst at the Joliet facility. Specifically, Deborah Staples, Human Resources representative, informed the Plaintiff that his request would not be considered by the Defendant.

14. The Plaintiff's request for reasonable accommodation was denied despite Plaintiff's doctor, Doctor Sinabaldi, explaining in writing the reasons justifying the request to remain at the Joliet facility to perform the full breadth of his responsibilities as a Senior Financial Analyst.

15. As a result of Defendant not providing the Plaintiff an accommodation, he was

required to begin short term disability pursuant to Defendant's disability policy. Thereafter the short term disability, upon it's exhaustion, forwarded to long term disability for the next two years until February 2012.

16. Defendant's disability policy distinguishes significantly between physical and behavioral disabilities and the length of time an employee may receive benefits dependent upon the definition of disability applied to an employee.

17. A physical disability contrary to a behavioral disorder defined by Defendant's disability benefit policy affords benefits until the age of 65 at which time normal retirement benefits including medical coverage would be in full force.

18. Plaintiff's condition of clinical depression is considered under Defendant's disability policy to be a behavioral disorder only allowing for a two year period of time for Plaintiff to recoup benefits.

19. On November 30, 2010, approximately two months prior to the exhaustion of Plaintiff's long term disability benefits, Kimberly Kocur, Human Resources manager for Defendant, sent Plaintiff a letter requesting medical documentation stating specifically that "the Company considers and offers reasonable modifications or adjustments to qualified employees that are able to work, but with medical restrictions."

20. Pursuant to the Defendant's request on November 30, 2010, Plaintiff again provided the necessary materials pursuant to Defendant's request for information to consider an accommodation for the Plaintiff to resume his duties as a Senior Financial Analyst.

21. On January 14, 2011, Plaintiff received a letter from Kimberly Kocur, Senior Human Resources representative of Defendant, stating that his request for a reasonable accommodation was

again denied by the Defendant.

22. As the Defendant's long term disability payments were expiring, Plaintiff was forced into early retirement in February of 2012 based on his years of service and age.

23. Defendant summarily extinguished Plaintiff's employment based on pre-textual reasons replacing Plaintiff with a similarly situated non-disabled individual as a Senior Financial Analyst assuming the performance of Plaintiff's duties.

24. Defendant has not subjected Plaintiff's other similarly situated co-workers to the adverse terms and conditions of employment to which Plaintiff suffered including, but not limited to, his forced early retirement of his employment.

25. The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of Plaintiff's actual and/or perceived disability, in violation of Title I of the ADA, as amended, 42 U.S.C. § 12101 *et seq*.

26. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff STEPHEN J. DOODY, prays for judgement against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment

practices that unlawfully discriminates on the basis of his or her disability, record of disability, or perceived disability;

C.    Order Defendant to make whole STEPHEN J. DOODY by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to STEPHEN J. DOODY;

E.    Grant the Plaintiff consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

F.    Grant the Plaintiff his attorneys' fees, costs, and disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

27.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

> Respectfully submitted,
> STEPHEN J. DOODY, Plaintiff,
>
> By: s/Lisa Kane
> Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates
Attorney for Plaintiff
141 West Jackson Boulevard, Suite 3620
Chicago, Illinois 60604
(312) 606-0383
Attorney Code No. 06203093